**Electronically Filed
Intermediate Court of Appeals
30464
06-JAN-2012
08:16 AM**

NO. 30464

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RYOZO ARIYOSHI, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-09-05739)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Ryozo Ariyoshi (Ariyoshi) appeals from the March 17, 2010 judgment entered by the District Court of the First Circuit, Honolulu Division (District Court).[1] Plaintiff-Appellee State of Hawai'i (State) charged Ariyoshi by complaint with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1)(Supp. 2008), as a first-time offender under HRS § 291E-61(b)(1) (Supp. 2008).

Prior to trial, Ariyoshi moved to strike the penal summons and invalidate service (Motion to Strike) on the ground that the procedure used in issuing the penal summons violated Hawai'i Rules of Penal Procedure (HRPP) Rule 9(b)(2) (2007). The

---

[1] The Honorable William Cardwell presided.

District Court denied the Motion to Strike. After a bench trial, the District Court found Ariyoshi guilty as charged of OVUII in violation of HRS § 291E-61(a)(1) and (b)(1).

On appeal, Ariyoshi asserts that the District Court erred in denying his Motion to Strike for violation of HRPP Rule 9(b)(2). We affirm the District Court's judgment.

The District Court did not err in denying Ariyoshi's Motion to Strike for violation of HRPP Rule 9(b)(2).[2] The record reflects that the penal summons was stamped filed on December 7, 2009 by the clerk of the District Court and returned to the prosecutor's office, but with the date of the required appearance left blank. Thereafter, the prosecutor filled in the appearance date of December 21, 2009, and served Ariyoshi on December 9,

---

[2] HRPP Rule 9(b)(2) provides:

**(b) Form.**

. . . .

(2) SUMMONS. The summons shall be in such form as may be prescribed in the issuing court and shall

(i) contain the name of the defendant;

(ii) describe the offense alleged in the charge;

(iii) command the defendant to appear before the court at a stated place and at a stated time, which shall be not less than 5 days from the time of service of the summons unless waived by the defendant;

(iv) contain a prohibition against personal delivery of the summons between 10:00 p.m. and 7:00 a.m. on premises not open to the public, unless a judge of the district or circuit courts permits personal delivery during those hours in writing on the summons.

(v) contain a warning to the person summoned that failure to obey the summons will render the person subject to prosecution for contempt;

(vi) state the date when issued and the court from which it is issued; and

(vii) be signed by the clerk.

2009 with the penal summons. A proof of service was filed on December 14, 2009. On December 21, 2009, counsel for Ariyoshi appeared and requested waiver of Ariyoshi's presence, acknowledged receipt of the complaint, waived reading of the charge, and entered a not guilty plea.

In denying Ariyoshi's Motion to Strike, the District Court entered the following findings of fact.

FINDINGS OF FACT

The facts as found herein were stipulated to by the parties herein.

1. In this matter (as in hundreds of other cases), the original complaint was filed in this court prior to November 17, 2009, the date of the Supreme Court's decision in *State v. Wheeler*, 121 Haw. 383 (2009). That original complaint did not contain the language held by the Supreme Court to be necessary; that is, that the offense took place "on a public way, street, road or highway."

2. In anticipation of the dismissal of the original complaint as defective, the State, by the prosecutor's office, filed a new complaint along with a penal summons. This new complaint was filed as a new case in this court.

3. The penal summons was stamped filed by the clerk of this court and either the original or a copy returned to the prosecutor's office with the date of defendant's required appearance left blank.

4. When the original case was called for trial, this court dismissed the case without prejudice.

5. On or about the same time, the prosecutor filled in the required appearance information on the penal summons and served the complaint and penal summons on the defendant.

6. Thereafter, but prior to defendant's required appearance, the prosecutor filed the proof of service which was attached to the penal summons.

7. At the required date and time, defendant or his attorney appeared for arraignment and plea, entered a plea of not guilty and the case was set for trial.

8. Prior to the date of trial, defendant filed the instant motion to strike the penal summons as defective and improperly filed with this court.

9. This court takes judicial notice of the undisputed fact that the above basic procedure was followed by the State and this

3

court's office of the clerk in most, if not all, cases that were dismissed without prejudice due to the *Wheeler* decision.

The District Court denied Ariyoshi's Motion to Strike, concluding that the clerk of court's stamping the penal summons as "filed" rather than "issued" before delivering it for service to the prosecutor's office did not affect whether the clerk had properly issued the summons and that "[t]he procedure followed in issuing, delivering and serving defendant with the penal summons did not prejudice the defendant's rights."

On appeal, Ariyoshi asserts that the District Court erred in denying his Motion to Strike because the procedure used in issuing the penal summons and designating the appearance date violated HRPP Rule 9(b)(2). In particular, Ariyoshi challenges the summons being stamped "filed" as opposed to "issued." He also argues that the clerk of court's provision of the penal summons with the appearance date left blank and the prosecutor's filling in that date upon serving the summons violated HRPP Rule 9(b)(2).

Even assuming *arguendo* that the procedure followed in issuing the penal summons and designating the appearance date somehow violates HRPP Rule 9(b)(2), we conclude that any impropriety constituted harmless error and did not warrant the dismissal of the complaint. The purpose of a penal summons is to provide the defendant with notice of the date and time the defendant must appear in court to answer to the charges filed against the defendant. Here, Ariyoshi was served with a penal summons and appeared in court through counsel at the designated date and time to answer the complaint that had been filed against him. Ariyoshi does not argue that he suffered any prejudice from the alleged violation of HRPP Rule 9(b)(2). We conclude that the alleged violation of HRPP Rule 9(b)(2) did not affect Ariyoshi's substantial rights, and thus the District Court did not err in

denying his Motion to Strike. See HRPP Rule 52(a) (1977) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

In consideration of the foregoing, we affirm the March 17, 2010 Judgment filed in the District Court.

DATED: Honolulu, Hawai'i, January 6, 2012.

On the briefs:

R. Patrick McPherson
(Law Office of R. Patrick McPherson)
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge